UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

LEROY D. GRAHAM, JR.,

      Plaintiff,

         v.                      CAUSE NO. 1:23-CV-261-HAB-SLC

TASHA LEE, et al.,

      Defendants.

## OPINION AND ORDER

Leroy D. Graham, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Graham was charged with attempted murder, convicted, and sentenced. He has now brought an action for damages against two prosecutors and the public defender appointed to represent him.

Graham has not stated a plausible constitutional claim. The prosecutors are entitled to immunity for their actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the

prosecutor is immune from a civil suit for damages under § 1983.").  Graham's public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Furthermore, to the extent there is any claim in the complaint that survives absolute prosecutorial immunity, it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Graham cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Savory v. Cannon*, 947 F.3d 409, 423 (7th Cir. 2020). Graham's complaint indicates that he is currently pursuing a direct appeal of his conviction, and he therefore cannot pursue a claim for damages for wrongful prosecution unless his conviction is vacated.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 27, 2023.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT